# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JASON C. MARTINEZ,

    Plaintiff,

  v.                                                                         No. 18-CV-00232-WJ-KBM

EDDY COUNTY DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915A, on Plaintiff Jason C. Martinez's "Notice of Civil Rights Violation, False Imprisonment, The Failure To Release A Prisoner On Said Completion Of Time Served Due To Negligence And Poor Records Keeping Of Booking Jail Officers," which was removed from the Fifth Judicial District Court of the State of New Mexico on March 9, 2018, and Plaintiff's amended complaint, which was filed on April 20, 2018. [Docs. 1 and 15] Also before the Court are Defendant's motion for a more definite statement [Doc. 5], Plaintiff's motion to remand [Doc. 9], Plaintiff's motions to dismiss [Docs. 10 and 19], and Defendant's motion for summary judgment. [Doc. 18] Plaintiff is incarcerated and proceeding pro se. For the reasons explained below, Plaintiff's motion to remand will be denied, Defendant's motion for a more definite statement and Plaintiff's first motion to dismiss will be denied as moot, Plaintiff's federal claims will be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A(b)(1), and the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims, which will be remanded to the Fifth Judicial District Court of the State of New Mexico.

## I. BACKGROUND

On January 19, 2018, Plaintiff filed his "Notice of Civil Rights Violation, False Imprisonment, The Failure To Release A Prisoner On Said Completion Of Time Served Due To Negligence And Poor Records Keeping Of Booking Jail Officers" in the Fifth Judicial District Court of the State of New Mexico (hereinafter referred to as "civil rights complaint"). [Doc. 1-1] Plaintiff's civil rights complaint seeks compensatory and punitive damages against Defendant Eddy County Detention Center for alleged "constitutional civil rights" violations that occurred during his incarceration. [Doc. 1-1 at 3] On March 9, 2018, Defendant removed Plaintiff's civil rights complaint to this Court on the basis of federal-question jurisdiction. [Doc. 1] Defendant subsequently filed a motion for a more definite statement pursuant to rule 12(e) of the Federal Rules of Civil Procedure, alleging that Plaintiff's civil rights complaint failed to apprise Defendant of the dates on which the alleged violations occurred and which violations provided the basis for his claims. [Doc. 5]

On March 20, 2018, Plaintiff notified the Court that he opposed the removal of his civil rights complaint to federal court, because "the change of jurisdiction and venue makes research and pro se litigations all the more complicated." [Doc. 6 at 1] Thereafter, Plaintiff filed a motion to remand this case to state court, alleging that the Court lacks diversity jurisdiction. [Doc. 9]

On April 11, 2018, Plaintiff moved to dismiss his civil rights complaint without prejudice, because he could not "continue his litigations" due to "unforeseen reasons." [Doc. 10] United States Magistrate Judge Karen B. Molzen ordered Defendant to file a response to the motion to dismiss and Defendant informed the Court that it agreed "to the dismissal of claims in the instant litigation . . . with prejudice." [Doc. 12] Since Plaintiff had requested dismissal of his civil rights complaint *without* prejudice, and Defendant's response only indicated agreement to a

dismissal *with* prejudice, Magistrate Judge Molzen ordered Defendant to file a supplemental response indicating its position on Plaintiff's motion "insofar as it seeks dismissal <u>WITHOUT PREJUDICE</u>." [Doc. 13 (emphasis in original)] Defendant promptly filed a response agreeing to a dismissal of Plaintiff's claims without prejudice. [Doc. 14]

Despite Plaintiff's pending motion to dismiss, Plaintiff filed an amended civil rights complaint on April 20, 2018. [Doc. 15] Plaintiff's amended civil rights complaint, like his original complaint, raises federal and state claims based on the conditions of his confinement at the Eddy County Detention Center from 2011 to 2013. [Doc. 15] Specifically, the amended complaint alleges that: (1) Plaintiff was the victim of sexual assault or sexual misconduct committed by Michelle Porter, an employee of Defendant; (2) Plaintiff falsely was imprisoned for four days, in violation of his right to due process of law; (3) Defendant failed to provide an "adequate safety environment" in violation of Plaintiff's right to be free from cruel and unusual punishment; (4) Defendant retaliated against Plaintiff by placing him in "maximum Delta Unit" between 2012 and 2013; and (5) Defendant failed to keep adequate inmate records or to provide sufficient security to inmates. [Doc. 15]

In an order filed on April 23, 2018, Magistrate Judge Molzen noted the incongruity between Plaintiff's motion to dismiss this case and his subsequent filing of an amended complaint, "which appears to reflect Plaintiff's intention to continue to prosecute this civil rights action." [Doc. 16] Magistrate Judge Molzen informed Plaintiff that if he wished to proceed with the litigation of this case, then he must withdraw the pending motion to dismiss in accordance with rule 7.7 of the Local Civil Rules of the United States District Court for the District of New Mexico. [Doc. 16, citing D.N.M.LR-Civ. 7.7] Magistrate Judge Molzen afforded Plaintiff thirty days in which to file a notice of withdrawal of his motion to dismiss in accordance with the

Local Civil Rules. [Doc. 16]

In the meantime, on May 4, 2018, Defendant filed an answer to the amended complaint and a motion for summary judgment. [Docs. 17 and 18] Defendant contends that it is entitled to summary judgment because Plaintiff's claims are barred by a settlement agreement between the parties in *Martinez v. Funk, et al.*, 16-CV-00612-KG-LF and the applicable statutes of limitations. [Doc. 18]

On May 14, 2018, Plaintiff filed a second motion to dismiss without prejudice, stating that he "no longer [wanted to] continue his claim against the County Defendant." [Doc. 19] Magistrate Judge Molzen noted that, because Defendant had filed a motion for summary judgment, Plaintiff could not dismiss this civil rights action without a court order. [Doc. 20, citing Fed. R. Civ. P. 41(a)] On May 18, 2018, Defendant filed a response in opposition to Plaintiff's second motion to dismiss, explaining that although it had "been previously amenable to a dismissal without prejudice, Plaintiff's filing of an Amended Complaint has changed County Defendant's position." [Doc. 22] Defendant opposes Plaintiff's second motion to dismiss, because Defendant had to incur the expenses of drafting a motion for summary judgment, which Defendant contends demonstrates its "clear entitlement to a dismissal with prejudice." [Doc. 21 at 2]

**II.  DISCUSSION**

The Court first will address the merits of Plaintiff's motion to remand, because it challenges the Court's subject matter jurisdiction, and then will proceed to screen the merits of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A.

*A.  Plaintiff's Motion To Remand Will Be Denied*

An action initially brought in a state court may be removed to a federal district court

pursuant to the authority set forth in 28 U.S.C. § 1441, which provides, in pertinent part, that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The party invoking federal jurisdiction has the burden to establish that it is proper and there is a presumption against its existence." *Salzer v. SSM Health Care of Oklahoma, Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks and citation omitted). Indeed, a district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

"In general, original jurisdiction is lacking unless there is diversity of citizenship or a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (internal quotation marks and citation omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392 (footnote omitted).

To determine whether removal was proper, the Court must examine "plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). Plaintiff's original civil rights complaint filed in the Fifth Judicial District of the State of New

5

Mexico alleged that the conditions of his confinement at the Eddy County Detention Center violated his "constitutional civil rights" under 42 U.S.C. § 1983, specifically "invoking 8th Amendment cruel and unusual punishment." [Doc. 1-1 at 3] Because a federal question plainly appeared on the face of Plaintiff's well-pleaded complaint at the time of removal, the Court concludes that federal-question jurisdiction exists. Therefore, Plaintiff's motion to remand will be denied.

B.  *Plaintiff's § 1983 Claims Will Be Dismissed Under 28 U.S.C. § 1915A(b)(1) and Plaintiff's State Law Claims Will Be Remanded*

This Court has a statutory obligation under 28 U.S.C. § 1915A to review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." 28 U.S.C. § 1915A. On review, the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A(b). Because Plaintiff is a prisoner and Defendant is a governmental entity, the Court must screen the merits of Plaintiff's claims under § 1915A.

Plaintiff filed an amended civil rights complaint on April 20, 2018, which superseded his original civil rights complaint, rendering it "of no legal effect." *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. Dec. 23, 2005) (unpublished); *see also Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir.1990) (holding that "a pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified") (internal quotation marks and citations omitted). Therefore, the Court will screen the merits of Plaintiff's amended civil rights complaint under 28 U.S.C. § 1915A. Furthermore, because Plaintiff's original civil rights complaint no longer is the operative pleading in this civil rights action, Defendant's motion for a more definite statement and

Plaintiff's first motion to dismiss,[1] both of which challenge Plaintiff's original civil rights complaint, will be denied as moot.

The Court has the discretion to dismiss a prisoner civil rights complaint *sua sponte* under 28 U.S.C. § 1915A if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C.§ 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This liberal rule of construction, however, "does not relieve plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)

---

[1] The Court expresses no opinion on the merits of Defendant's motion for summary [Doc. 18] or Plaintiff's second motion to dismiss [Doc. 19], both of which were filed after the amended complaint.

(emphasis added). Although municipalities and local governments are "persons" subject to suit under § 1983, *Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 690 (1978), "generally, governmental sub-units are not separate suable entities that may be sued under § 1983," *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. Jan. 25, 2010) (unpublished). Defendant Eddy County Detention Center is a governmental sub-unit and, therefore, it is not a person or legally created entity capable of being sued under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that "'[t]he City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it"). Accordingly, Plaintiff's §1983 claims against Defendant will be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A(b)(1). Because § 1983 does not afford Plaintiff a remedy against Defendant, the Court concludes that it would be futile to afford Plaintiff an opportunity to file a second amended complaint.

Plaintiff's amended complaint also appears to allege that Defendant violated Plaintiff's rights under New Mexico state law. [*See* Doc. 15] Title 28 of the United States Code, section 1367(c) provides that "district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The United States Court of Appeals for the Tenth Circuit has noted that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (internal quotation marks and citation omitted). All of Plaintiff's federal claims have been dismissed and, therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367(c)(3). The Court will exercise its discretion to remand this case to the Fifth Judicial District Court of the

State of New Mexico. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 353 (1988) (noting that district courts have "wide discretion to remand cases involving pendent claims when the exercise of pendent jurisdiction over such cases would be inappropriate").

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's motion to remand [Doc. 9] is DENIED; Defendant's Motion For More Definite Statement [Doc. 5] and Plaintiff's first motion to dismiss [Doc. 10] are DENIED as moot; Plaintiff's § 1983 claims are DISMISSED for failure to state a claim on which relief may granted under 28 U.S.C. § 1915A(b)(1); and this case is REMANDED to the Fifth Judicial District Court of the State of New Mexico.

_____
CHIEF UNITED STATES DISTRICT JUDGE